Case No.    Year 2005

RECEIVED-CLERK
U.S. DISTRICT COURT

2005 JUL 19  A 10: 28

# UNITED STATES DISTRICT COURT

**DISTRICT COURT OF NEW JERSEY**

05cv3619(JHR)

---

Albert W. Florence,

                Plaintiff,

-against-

Board of Chosen Freeholders of the County of Burlington; Burlington County Jail; Warden Juel Cole, Individually and officially as Warden of Burlington County Jail; Essex County Correctional Facility, Essex County Sheriff's Department; State Trooper John Doe Individually and in his Capacity as a State Trooper, & John Does 1-3 of Burlington County Jail & Essex County Correctional Facility who performed the strip searches, & John Does 4-5

                Defendants.

---

# COMPLAINT

---

Attorney for Plaintiff
Michael Calabro, Esq.
466 Bloomfield Ave, Suite 200,
Newark, New Jersey 07107
(973) 482-1085

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

-----------------------------------------------------------

Albert W. Florence,
        Plaintiff,

-against-

Board of Chosen Freeholders of the County of
Burlington; Burlington County Jail;  Warden Juel
Cole, Individually and officially as Warden of Burlington
County Jail; Essex County Correctional Facility,  Essex
County Sheriff's Department; State Trooper John Doe
Individually and  in his Capacity as a State Trooper, &
John Does 1-3 of Burlington County Jail & Essex County Correctional
Facility who performed the strip searches, & John Does 4-5
        Defendants.

-----------------------------------------------------------

Case No.

RECEIVED
E. WALSH, CLERK

2005 JUL 19  A 10: 28

UNITED STATES
CIVIL COMPLAINT COURT

## Jurisdiction

1. Plaintiff Albert W. Florence ("Albert") brings this action against Defendants to redress the deprivation of rights secured him by the *Fourth, Fifth, Eighth, and Fourteenth* Amendments to the United States Constitution, 42 U.S.C. §§1983,1985 & 1986.

2. This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§1331, 1332, and 1343(a)(3), and 42 U.S.C. §1983.  The matter in controversy exceeds the sum of $75,000, exclusive of interest and costs.

3. Venue is proper in this District pursuant to 28 U.S.C. §1391 as the cause of action occurred in this District.

## Parties

4. At all times mentioned herein, Plaintiff was a resident of  Middlesex County, New Jersey.

5. At all times mentioned herein,  each Defendant was and is, upon information and belief, a citizen of New Jersey.

6. At all times hereinafter mentioned, the Defendant Board of Chosen Freeholders of the County of Burlington was a body corporate and politic of the State New Jersey operating and existing under the laws of the State of New Jersey, and located in the County of Burlington  in said State and operating and overseeing Defendant Burlington County Jail.

7. At all times hereinafter mentioned, Defendant Warden Juel Cole was in charge of operating the Burlington County Jail and managing and supervising the personnel thereat, including John Does 1-5 who were officers and or employees of Defendant Burlington County Jail.

8. At all times hereinafter mentioned,  Defendant Essex County Sheriff's Department was in charge of  transporting Plaintiff to Essex County for a hearing.

9. At all times hereinafter mentioned, Defendant Burlington County Jail operated under State law and incarcerated Plaintiff and subjected plaintiff to strip searches by it's employees John Does 1-5.
10. At all times hereinafter mentioned, Defendant Essex County Correctional facility operated under State law and incarcerated Plaintiff and subjected plaintiff to strip searches by it's employees John Does 1-5.
11. Defendants John Does 4-5 were officers and employees of Defendant Burlington County Jail who ignored Plaintiff's protests of innocence and discriminated against Plaintiff based on his race while he was incarcerated at Defendant Burlington County Jail.
12. At the time of the alleged incident and at all times pertinent hereto, Defendants acted under color of law, of a statute, ordinance, regulation, custom, or usage in the State of New Jersey.

### Facts

13. On or about March 3, 2005, at about 7:30 p.m. Plaintiff Albert, a Black male, was a passenger in his vehicle, a BMW X5 Sports Utility vehicle, being driven by his wife, Plaintiff April, a Black female, who was 7 months pregnant, with their 4 year old son seated in the back.
14. About 2 miles on the 295 Southbound from Exit 46, a Defendant State Trooper John Doe pulled over Plaintiffs' vehicle and told Plaintiff's wife, April, that she was pulled over for speeding.
15. The State Trooper checked Plaintiff April's license and the vehicle registration and insurance which were in the name of Plaintiff Albert as the owner of the vehicle.
16. The State Trooper directed Plaintiff Albert to exit the vehicle and arrested him based upon an Essex County warrant.
17. At all times during this stop and arrest, Plaintiff Albert repeatedly told the State Trooper that the warrant was satisfied and he should not be the subject of an arrest and offered proof of a certified letter dated October, 2004 with a raised seal from the State of New Jersey that all judgments against Plaintiff were satisfied and no warrant existed against him.
18. After the State Trooper radioed headquarters, he handcuffed and arrested Plaintiff Albert while his 4 year old son and pregnant wife, Plaintiff April, watched him cuffed and taken away in the State Trooper vehicle.
19. Plaintiff Albert was transported to and processed at Burlington County Jail by a full strip and cavity search. Plaintiff was imprisoned at Burlington County Jail for 6 days and nights.
20. At all times while imprisoned at the Burlington County Jail, Plaintiff Albert repeatedly told jail personnel that the warrant was satisfied and he should not be the subject of an arrest and offered proof of a certified letter dated October, 2004 with a raised seal from the State of New Jersey that all judgments against Plaintiff were satisfied and no warrant existed against him.
21. At all times during the detention, Juel Cole was the Warden of the Burlington County Jail where Plaintiff was imprisoned.
22. At all times during the detention, Warden Cole was charged with the care and custody of all

inmates including Plaintiff.

23. At all times during the detention, Warden Cole was the supervisor of the personnel at the Burlington County Jail and had knowledge of Plaintiff's protests that he was unlawfully arrested and detained.

24. During all the time Plaintiff was imprisoned in the Burlington County jail, there was a magistrate competent, willing, able, and ready to have Plaintiff taken before him or her. During that entire time, the magistrate was accessible and available, and Plaintiff was physically and mentally in a condition to be brought before the magistrate.

25. During the entire time of Plaintiff's imprisonment at Defendant Burlington County Jail, he was refused access to the phone, refused access to the shower, refused a kit that would have contained a tooth brush, towel and soap and refused permission to talk to a social worker. When Plaintiff requested any of those services, the officers denied him stating that he was a "holdover", meaning they were waiting to transport Plaintiff to Essex County.

26. At all times relevant herein, the white inmates at Burlington County Jail were given towels, toothbrushes, toothpaste, showers, phone calls, soap, and toilet paper but Plaintiff ,who was Black, was denied these basic needs.

27. Plaintiff hired an attorney and paid $1,000.00 on Plaintiff Albert's behalf.

28. After the 6th night at Defendant Burlington County Jail, the Defendant Essex County Sheriff's Department transported Plaintiff to Essex County. At Defendant Essex County Jail Plaintiff was processed again by a full strip and cavity search, fingerprinted and photographed and placed in a cell with the general population.

29. Plaintiff was imprisoned at Defendant Essex County Jail for 24 hours.

30. Plaintiff was imprisoned at both Defendants Burlington County Jail and Essex County Jail for a total of 7 days from March 3, 2005 to March 10, 2005.

31. On the 7th day, Hon. Michael Casale, Judge of the Superior Court dismissed the charges against Plaintiff based on the fact that the warrant against Plaintiff did not exist and there was no cause for the arrest.

### Count One: §1983 Unlawful Arrest

32. Plaintiff incorporates herein by reference the allegations contained in paragraphs 1 through 31.

33. Defendant Burlington County Jail is run and operated by the State of New Jersey.

34. Defendants State trooper John Doe and Burlington County Jail arrested Plaintiff Albert without probable cause.

35. By reason of said unlawful arrest while Defendants acted under color of state or territorial law, Plaintiff Albert was deprived of his federal rights to liberty and freedom.

### Count Two: §1983 False Imprisonment

36. Plaintiff incorporates herein by reference the allegations contained in paragraphs 1 through 35.

37. Defendants Burlington County Jail and Essex County Correctional Facility falsely imprisoned Plaintiff Albert based on detaining him when no arrest warrant existed and despite Plaintiff's protests and proof no warrant existed.
38. By reason of said false imprisonment while Defendants acted under color of state or territorial law, Plaintiff Albert was deprived of his federal rights to liberty and freedom.

### Count Three: §1983 4th Amendment-Unlawful Strip Body Search

39. Plaintiff incorporates herein by reference the allegations contained in paragraphs 1 through 38.
40. Plaintiff was falsely arrested and subjected to the humiliation and degradation of a strip/body cavity search procedure prior to any determination by a neutral and detached magistrate that the arrest or continued detention was supported by probable cause.
41. Defendants John Does' 1-3 of Burlington County Jail and Essex County Correctional Facility performed the illegal strip searches.
42. Charges were never officially filed against Plaintiff.
43. None of the officers involved in the searches of plaintiffs bore any suspicion, reasonable or otherwise, that either plaintiff was concealing a weapon or contraband at the time of the searches, and indeed, no reasonable basis existed for such a suspicion, given the nature of the alleged offense
44. The strip/body cavity searches of Plaintiff were unconstitutional.
45. Defendants Burlington County Jail and Essex County Correctional Center are liable for exemplary damages as the strip body searches were completely unreasonable and senseless under the law.

### Count Four: §1985(3) Discrimination

46. Plaintiff incorporates herein by reference the allegations contained in paragraphs 1 through 45.
47. Defendants John Does 4-5 of Defendant Burlington County Jail conspired to violate Plaintiff Albert's statutory civil rights by acting in concert to deny his requests for 6 days access to the phone, access to the shower, a kit that would have contained a tooth brush, towel and soap and permission to talk to a social worker.
48. Defendants denials were motivated by a racial discriminatory animus designed to deprive, directly or indirectly, any Black person to the equal protection of the laws.
49. Plaintiff Albert suffered injury of humiliation and other personal indignities to be the only Black prisoner among the white prisoners without any hygiene and the only Black prisoner refused basic needs of even a shower or a toothbrush for 6 days while the White prisoners were afforded those basic needs.

### Count Five: §1986 Discrimination

50. Plaintiff incorporates herein by reference the allegations contained in paragraphs 1 through 49.

51. Defendants John Doe 4-5, Burlington County Jail and Juel Cole knowing that a violation of section 1985(3) is about to be committed and possessing the power to prevent its occurrence, failed to take action to frustrate its execution for the whole 6 days that the violation continued at the Burlington County Jail.

### Count Six: Fourth Amendment Unreasonable Detention

52. Plaintiff incorporates herein by reference the allegations contained in paragraphs 1 through 51.
53. Defendant Burlington County Jail did not promptly bring Plaintiff to a Magistrate but instead unreasonably incarcerated him for 7 days.
54. Rule R.3:41(c) of the New Jersey Rules Governing Criminal Practice mandates that the arresting officer in charge of the police station where the arrestee is taken shall promptly complete his post arrest documentation and "release that person in lieu of continued detention." to the nearest magistrate for a probable cause hearing.
55. Despite even State law requiring a prompt hearing, Plaintiff's constitutional rights of being detained for an unreasonable time were violated as a result of being imprisoned some 7 days while Defendants ignored Plaintiff's protests that a warrant for his arrest did not exist.

### Count Five: §1983 Municipality Custom Violations
### Related Solely to Defendants Essex County & Essex County Sheriff's Department

56. Plaintiff incorporates herein by reference the allegations contained in paragraphs 1 through 55.
57. Defendants Burlington County Jail, Essex County Correctional Facility and Essex County Sheriff's Department maintained a municipal policy or custom of detaining persons without promptly verifying if a proper warrant for arrest existed nor promptly doing anything to insure a person's liberty is not impeded by being falsely arrested.
58. Those practices of the Defendants, who are government entities, are so permanent and well settled as to constitute a custom or usage with the force of law.
59. Defendants Board of Chosen Freeholders of the County of Burlington, Burlington County Jail, Warden Juel Cole, Essex County Detention facility, and Essex County Sheriff's Department are liable under respondeat superior liability under § 1983 as their custom or usage supports conduct violative of Plaintiff's' federal constitutional rights,
60. Defendants had contemporaneous knowledge of the offending incident or knowledge of a prior pattern of similar incidents and circumstances.
61. Defendants failed to train, discipline or control its personnel and that is a basis for § 1983 respondeat superior liability.
62. Defendants actions or inactions communicates a message of approval to the offending subordinate Defendants john Does 1-5.

63. By reason of Defendants practices related herein, Plaintiff was injured in body and mind, was prevented from following his customary pursuit in his usual occupation, has suffered greatly in his credit and reputation, and has expended large sums of money in his defense.

64. Defendants failure to provide adequate training and supervision to its police officers and employees constitutes a willful and wanton indifference and deliberate disregard for human life and the rights of private citizens, including Plaintiff. Plaintiff is thus entitled to exemplary damages.

### Damages

65. As a direct and proximate result of the actions on the part of the Defendants, Plaintiff Albert lost one week from work and lost a salary of about $4,900.00 in commissions, lost his freedom for 7 days, missed his mother's birthday on March 9, 2005 during the imprisonment, feared his wife would lose their baby because she had a premature birth before, during his imprisonment Plaintiff cried everyday, was terrified, could not eat or drink, did not sleep, was dizzy, nauseous, was in unsanitary conditions in the cell with the toilet being near his head where he slept, the food was cold and disgusting, suffered headaches, stomachaches, felt he was losing his mind while everyone ignored the fact that there was no warrant against him, was literally humiliated by the strip and cavity searches and more, feared losing his job, his home and his baby, Plaintiff presently has anxiety and fears every time he sees a police officer that he will get arrested again, sleeplessness, replays the whole event over and over in his mind.

66. Defendants failure to provide adequate training and supervision to its police officers and employees constitutes a willful and wanton indifference and deliberate disregard for human life and the rights of private citizens, including Plaintiff. Plaintiff is thus entitled to exemplary damages.

WHEREFORE, Plaintiff requests that this Court enter judgment against the Defendants and award the following amounts:

a. One Million Dollars compensatory damages in favor of Plaintiff;
b. One Million Dollars exemplary damages in favor of Plaintiff ;
c. Costs of this action, including reasonable attorney fees to the Plaintiff pursuant to The Civil Rights Attorney's Fees Awards Act of 1976, 42 U.S.C. §1988 (1976); and
d. Such other and further relief as the court may deem appropriate.

Dated: Newark, New Jersey

June 24, 2005

Michael Calabro, Esq.
466 Bloomfield Ave, Suite 200
Newark, New Jersey 07107
(973) 482-1085