HARRY J. DEL PLATO, ACTING COUNTY COUNSEL
BY: ALAN RUDDY, ASSISTANT COUNTY COUNSEL
HALL OF RECORDS, ROOM 535
NEWARK, NEW JERSEY 07102
(973) 621-5021
Attorney for Defendant, County of Essex, et als.

UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW JERSEY
(NEWARK)

---

| | | |
|---|---|---|
| ALBERT W. FLORENCE, | : | |
| Plaintiff(s) | : | Case No. 05-cv-3619 |
| | : | |
| v. | : | |
| | : | **CIVIL ACTION** |
| Board of Chosen Freeholders of the County of Burlington, Burlington County Jail, Warden Juel Cole, Individually and officially as Warden of Burlington County Jail, Essex County Correctional Correctional Facility, Essex County Sheriff's Department, State Trooper John Doe, Individually and in his capacity as a State Trooper, and John Does 1-3 of Burlington County Jail, and Essex County Correctional Facility who performed the the strip searches, and John Does 4-5, | : : : : : : : : : | :CERTIFICATION OF COUNSEL |
| Defendant(s) | : | |

---

I, **ALAN RUDDY,** being of full age, hereby certifies:

1.   I am an Assistant County Counsel with the Essex County Counsel's Office and am responsible for the defense of the Essex County Defendants in the above captioned matter.

2.   Enclosed please find copy of the Department of Corrections Administrative Rules with respect to strip search in the above captioned matter. (**See Exhibit A**)

3.      Contrary to the certification of plaintiff's counsel I never received a Request for Admission prior to the conversation mentioned in her papers.

4.      The arrest warrant that formed the basis for the search warrant in this case was for hindering prosecution which the County of Essex has interpreted as a crime. (**See Exhibit B**)

5.      Ms. Lask assertion that I admitted a blanket strip search policy for the County of Essex is incorrect. In our conversation I indicated to her that the actions of the Essex County Sheriff's Department, were apparently proper and that the only issue would be of the strip search. I never agreed that there was a blanket strip search policy.

6.      By the time this motion is heard, defendant will have submitted Rule 26 Disclosures, Answers to Request for Admissions and all relevant documents from the Essex County Sheriff's Department and the Essex County Department of Corrections.

I certify that the above statements are true. I am aware that if any of the foregoing statements made by me are willfully false, I am subject to punishment.

s/Alan Ruddy
Assistant County Counsel

Dated: March 3, 2006

| | |
|---|---|
| ALBERT W. FLORENCE, | |
| Plaintiff(s) | : Case No. 05-cv-3619 |
| | : |
| v. | : |
| | : **CIVIL ACTION** |
| Board of Chosen Freeholders of the County of Burlington, Burlington County Jail, Warden Juel Cole, Individually and officially as Warden of Burlington County Jail, Essex County Correctional Correctional Facility, Essex County Sheriff's Department, State Trooper John Doe, Individually and in his capacity as a State Trooper, and John Does 1-3 of Burlington County Jail, and Essex County Correctional Facility who performed the the strip searches, and John Does 4-5 , | : |
| Defendant(s) | : |

### BRIEF IN OPPOSITION TO PLAINTIFF'S MOTION TO AMEND THEIR COMPLAINT

**HARRY J. DEL PLATO**
**ACTING COUNTY COUNSEL**
HALL OF RECORDS – ROOM 535
NEWARK, NJ  07102
(Attorneys for Defendants County of Essex, et al)

**ALAN RUDDY, ESQ.**
  On the Brief

## STATEMENT OF MATERIAL FACTS

As noted in defendant's Certification of Alan Ruddy, plaintiff did not receive the Request for Admissions until after plaintiff's motion was filed in this case. The defendant has now submitted answers to the Request for Admissions denying a blanket strip search policy.

The Essex County Jail does not have a policy of blanket strip searches.

The underlying warrant charge was for hindering prosecution, which the Essex County authorities understood as a crime.

## LEGAL ARGUMENT

### POINT I

### CLASS CERTIFICATION MUST BE DENIED

Before a Court must certify a class, plaintiff must satisfy the requirements of both Rule 23(a) and (b).  **Gustafson v. Polk County, et al.**, 205 U.S. Dist. LEXIS 5669 (W.D. Wis. 2005) The five requirements of Rule 23(a) are; (1) numerosity; (2) commonality; (3) typicality; (4) adequate representation; and (5) predominance of a common question of preposed law or fact.

In terms of the first requirement of numerosity, plaintiff must prove that the class is "so numerous that joinder of and all members is impractical."  However, plaintiff has not issued a certification that is reliable that offers any clue as to the theoretical number in this matter.

With reference to the second and third requirements, commonality and typicality, the defendant Essex County would argue that this requirement has also not been met. The purpose of this requirement is to insure that the class can advance the same legal and factual basis to be grouped as a class. However, based upon **Bell v. Wolfish**, 441 U.S. 520, 60 L. Ed. 2d 447, 99 S. Ct. 1861 (1979), in judging whether a search is unconstitutional, there must be a balancing for the need of a particular search against the invasion of privacy.  The factual predicate herein does not satisfy the typical requirement for certifying a class due to the fact based inquiry necessary.

In this case, the underlying charge was enforced by a warrant process rather than an original arrest.

The defendant also contends that the individual facts underlying the warrant in this matter are not your typical non-criminal defender and would not lend itself to such a class action. According to Rule 23(b) (3), there must be common questions of law and fact which would dominate over any individual questions.

Additionally, the courts have indicated that there are two important requirements for the appointed of class representatives. They must have standing as members of the class. Secondly, the definition of the class must be precise, objective and presently ascertainable. **Simer v. Rio**, 661 Fd. 2d 665 (7th Cir. 1981). Defendant Essex County asserts that the plaintiff has not proven these elements.

Defendants submit that this motion is prejudicial to defendants by including some theoretical class. Obviously plaintiff had ample opportunity to make an investigation prior to filing his lawsuit.

Additionally, **Loeber v. County of Albany**, 216 F. Sup. 2d 20 (N.D. N.Y. 2002), is instructive. In that case the inmate who was allegedly strip searched had been arrested for civil contempt. The Court ruled that there was no custom for strip searches of persons arrested for civil contempt. Therefore, the representative custom or policy under 1983 analysis would be for people arrested for civil contempt. **Monell v. Dept. of Social Services**, 436 U.S. 658 56 L. Ed. 2d 611, 98 S. Ct. 2018 (1978). Plaintiff has not provided any evidence as to any relevant information as to this class.

Therefore, plaintiff's attempt to enlarge this matter by class action should be denied as an unfounded and improper.

## CONCLUSION

Based upon the foregoing reasons it is respectfully requested that plaintiff's motion to amend the complaint to allow a class action should be denied.

                                    Respectfully submitted,

                                    s/Alan Ruddy
                                    Assistant County Counsel

Dated: March 3, 2006