*UNITED STATES DISTRICT COURT*
*DISTRICT OF NEW JERSEY*

---------------------------------------------------------------

**Albert W. Florence,**

                **Plaintiff,**

-against-

**Board of Chosen Freeholders of the County of Burlington; et. al.**
                **Defendants.**

---------------------------------------------------------------

Case No. 05-3619(JHR)

**CERTIFICATION of SUSAN CHANA LASK, ESQ.**

I, SUSAN CHANA LASK, ESQ., of full age do certify under penalty of perjury as follows:

1. I am appointed class counsel in this matter. This case was filed July 20, 2005.

2. Attached is Defendants' Burlington Strip Search Authorization Form specifying that no reasonable suspicion that contraband or a weapon was concealed nor was an indictable offense committed by the individual stripped naked (**Exhibit "A"**).

3. On or about September 25, 2005, during a conference call including Plaintiff's counsel Mr. Calabro and myself, Mr. DiDonato confirmed strip searching is Defendants' policy. He stated he was counsel on a District case that decided Defendants' strip search policy was constitutional. Mr. Didonato never sent that case.

4. On September 30, 2005, Mr. DiDonato e-mailed that he was counsel in a former New Jersey District Court case that approved his clients' blanket strip search policy, and I emailed that he send me that case (**Exhibit "B"**). Mr. DiDonato replied " I am pulling my file on the other case to see if I ever got an opinion or just an order." (see **Exhibit B**). He ignored my requests for him to provide his case, order or decision for three years.

5. On or about October 26 , 2005, Mr. DiDonato confirmed in a phone call to me that his client has a right to perform blanket strip searches and that he would send supporting case law.

6. On January 4, 2007, I, my legal assistant, Brooks DiDonato for Defendants Burlington and Alan Ruddy for Defendants Essex appeared before Magistrate Schneider and his law clerk for a settlement conference. Mr. DiDonato stated Burlington would not settle because he was counsel in a former New Jersey District Court case that held his client's strip search policy was constitutional and he would file summary judgment in this case based on that case. Mr. DiDonato never filed a motion nor provided the alleged case.

7. During an August 8, 2008, at 2:00 p.m., phone conference with Honorable Rodriguez

initiated by Mr. DiDonato, he argued for an extension to respond to Plaintiff's Summary Judgment Motion, claiming he won a decision from New Jersey District Court Judge Brown that Defendant Burlingtons' strip searches were constitutional.

      8. Defendants' August 20, 2008 paragraph 4 of his Affidavit and pages 4-5 of his Brief, Mr. DiDonato for the first time in 3 years reveals the case name of Gerber v. City of Burlington, et al.. He certifies that Defendant Burlington was following a court order from Gerber that their strip searches were constitutional. He simultaneously certifies a decision is "extant".

      9. The Gerber docket reveals Mr. DiDonato's February 25, 1997 motion for Summary Judgment and no opposition filed (see Doc. No.26-30, **Exhibit "C").** There is a March 25, 1997 Order granting summary judgment, without any decision.

      10. I reearched online MRSA. It is determined by a nose sawb and laboratory culture. I strip serach does not reveal MRSA.

      11. Attached is Defendants' FRCP 26 disclosure regarding their being self insured **(Exhibit "D").**

      12. Attached is Defendants' website disclosing their status as Freeholders being an incorporated body politic and "The official governing body for the County of Burlington" which has "both administrative and policy making powers."**(Exhibit "E").** .

      I certify that the foregoing statements made by me are true. I am aware that if any of the foregoing statements made by me are willfully false, I am subject to punishment.

Dated: September 22, 2008

/s Susan Chana Lask
_____
SUSAN CHANA LASK, ESQ.
Law Offices of Michael V. Calabro
466 Bloomfield Avenue, Suite 200
Newark, New Jersey 07107
(973) 482-1085

EXHIBIT A

## STRIP SEARCH AUTHORIZATION

DATE: _____ TIME: _____    2005 MAR -3 P 11:07

I, __Sgt Kiton__ , AUTHORIZE __Florence, Albert__
   (PRINT NAME)                     (PRINT NAME)

TO BE STRIP SEARCHED OR NOT TO BE STRIP SEARCHED FOR THE FOLLOWING

REASON (S):

____ INDIVIDUAL DETAINED FOR INDICTABLE OFFENSE.

____ REASONABLE SUSPICION THAT INDIVIDUAL IS CONCEALING CONTRABAND OR WEAPON. (MUST BE EXPLAINED BELOW).

____ REASONABLE SUSPICION THAT INDIVIDUAL IS SUFFERING FROM A COMMINCABLE DISEASE. (MUST BE EXPLAINED BELOW).

____ INDIVIDUAL FAILS TO PROPERLY IDENTIFY HIMSELF.

EXPLANATION: _____

(✓) INDIVIDUAL WAS NOT STRIP SEACHED: NONE OF THE ABOVE FACTORS ARE PRESENT.

INDIVIDUAL WAS SHOWERED, KWELLED AND VISUAL OBSERVATION WAS MADE FOR RECENT INJURIES (✓) YES  ( ) NO

_____
SUPERVISORS SIGNATURE

FORM JL 29

C

413

EXHIBIT A

----- Original Message -----                                           **EXHIBIT B**
**From:** Brooks DiDonato  **To:** Susan Lask
**Sent:** Friday, September 30, 2005 2:19 PM
**Subject:** RE: Florence-StripSearch

We shall agree to disagree on the law. I am pulling my file on the other case to see if I ever got an opinion or just an order, but the proceedure was approved after Davis in a factually similar case, **perhaps giving rise to good faith immunities.** As for the form, my secretary said there isn't one, but i will believe you. See Ya, Brooks

---

**From:** Susan Lask [mailto:suethemall.com@verizon.net]
**Sent:** Friday, September 30, 2005 1:54 PM
**To:** Brooks DiDonato  **Cc:** Michael Calabro
**Subject:** Re: Florence-StripSearch

I disagree with two things-one, I don't think you're a "country mouse" and two, I think the Davis case and its progeny is the law; however, **please send me your opposite case** as I would like to see it. As to the form, J. Rosen's clerk said there is one---I will use my NY fed Forms which is pretty detailed and send it to you with dates, etc. by Monday as that will save alot of time before the conference and we are required to do so beforehand anyhow. As agreed, we will request a phone conference. Thank you, Susan.

> ----- Original Message -----
> **From:** Brooks DiDonato  **To:** Susan Lask
> **Sent:** Friday, September 30, 2005 1:29 PM
> **Subject:** RE: Florence-StripSearch
>
> I may be a bit of a country mouse, but **a non-binding district court decision does not a case make**. I have one that says the exact opposite on an almost identical fact pattern, albeit unreported to my knowledge. We will see how it shakes out. As for the form, I was wrong there is no form. We will go to the conference, agree on some dates and if Rosen thinks its okay the ocurt will issue an order on its own or ask us to submit one. I don' t need much other than your guys dep so if you would like to run some dates by me I am sure we can agree before going in. Have a nice weekend. Brooks

---

**From:** Susan Lask [mailto:suethemall.com@verizon.net]
**Sent:** Friday, September 30, 2005 9:50 AM
**To:** Brooks DiDonato  **Cc:** Michael Calabro
**Subject:** Florence-StripSearch
Dear Brooks,

Your September 13, 2005 letter to me claims that Plaintiff has no basis for his claims against the County of Burlington because the Plaintiff signed a strip search authorization form and the search, you claim, was just for inspection purposes. Your position is wholly contrary to the law . Davis v. City of Camden, 657 F. Supp. 396 (D.N.J. 1987). Please note that it is unconstitutional to subject any any detainee to the humiliation of being stripped when there is no reasonable suspicion of a weapon or contraband, especially detainees in your jail for minor offenses. Your letter actually supports Plaintiff's position and the law that the "offense" was minor as you state Plaintiff "was admitted on that date

pursuant to a detainer...for Civil Contempt pursuant to N.J.S.A/. 2a:10-1c". As we know, civil contempt pursuant to a detainer is not a crime demanding stripping Plaintiff, making him squat and cough and being checked over by Jail Officers. Kindly refer to the abundance of case law on this issue following <u>Davis</u>. As well, your letter's admission that Defendants make this "strip search" their policy literally opens them up to a class-action suit if that is and has been their policy with respect to other detainees. I suggest pursuant to the law they change that policy quickly and insure non-violent, low grade detainees are not stipped in any way.

Lastly, confirming again my call and e-mail to you two days ago wherein I am attempting to coordinate a schedule before the 10/26/05 conference to which you said you would send me the Form via e-mail--I would appreciate that as I am willing to take the time for you to organize the dates and then send for your consideration.

Thank you so much, Susan.

**EXHIBIT B**

EXHIBIT C

**3:95-cv-03043-GEB** GERBER v. CITY OF BURLINGTON, et al
Garrett E. Brown, Jr., presiding
**Date filed:** 06/22/1995
**Date terminated:** 09/04/1997
**Date of last filing:** 09/04/1997

# History

| Doc. No. | Dates | Description |
|---|---|---|
| -- | *Filed & Entered:* 09/04/1997 | Terminated Case |
| 37 | *Filed & Entered:* 09/04/1997 | Order |
| -- | *Filed & Entered:* 06/06/1997 | Set/Reset Deadlines |
| 36 | *Filed:* 06/05/1997 *Entered:* 06/10/1997 | Minutes - Miscellaneous |
| 34 | *Filed & Entered:* 05/22/1997 | Order |
| 35 | *Filed & Entered:* 05/22/1997 | Order |
| 33 | *Filed & Entered:* 03/25/1997 | Order |
| 31 | *Filed & Entered:* 03/17/1997 | Order |
| 32 | *Filed:* 03/17/1997 *Entered:* 03/18/1997 | Minutes - Miscellaneous |
| 27 | *Filed:* 02/25/1997 *Entered:* 02/26/1997 *Terminated:* 03/25/1997 | Motion for Summary Judgment |
| 28 | *Filed:* 02/25/1997 *Entered:* 02/26/1997 | Certification |
| 29 | *Filed:* 02/25/1997 *Entered:* 02/26/1997 | Certification |
| 30 | *Filed:* 02/25/1997 *Entered:* 02/26/1997 *Terminated:* 05/22/1997 | Motion for Summary Judgment |
| 26 | *Filed & Entered:* 02/20/1997 *Terminated:* 03/17/1997 | Motion for Summary Judgment |
| -- | *Filed:* 10/16/1996 *Entered:* 10/18/1996 | Pretrial Conference - Initial |
| 25 | *Filed:* 10/16/1996 *Entered:* 10/18/1996 | Pretrial Order |
| 24 | *Filed & Entered:* 10/07/1996 | Notice (Other) |
| 23 | *Filed:* 06/17/1996 *Entered:* 06/18/1996 | Scheduling Order |
| -- | *Filed:* 06/14/1996 | Scheduling Conference |

EXHIBIT C

| | | | |
|---|---|---|---|
| | *Entered:* | 06/18/1996 | |
| 22 | *Filed:*<br>*Entered:* | 05/24/1996<br>05/30/1996 | 🌐 Notice (Other) |
| -- | *Filed & Entered:* | 05/23/1996 | 🌐 Set/Reset Deadlines |
| 21 | *Filed & Entered:*<br>*Terminated:* | 05/23/1996<br>09/04/1997 | 🌐 Answer to Amended Complaint |
| -- | *Filed & Entered:* | 05/06/1996 | 🌐 Set/Reset Deadlines |
| 20 | *Filed:*<br>*Entered:*<br>*Terminated:* | 04/24/1996<br>04/25/1996<br>09/04/1997 | 🌐 Answer to Amended Complaint |
| 19 | *Filed:*<br>*Entered:* | 03/15/1996<br>03/18/1996 | 🌐 Amended Complaint |
| 17 | *Filed:*<br>*Entered:* | 02/20/1996<br>02/21/1996 | 🌐 Minutes - Miscellaneous |
| 18 | *Filed:*<br>*Entered:* | 02/20/1996<br>02/22/1996 | 🌐 Order |
| 15 | *Filed:*<br>*Entered:*<br>*Terminated:* | 01/26/1996<br>01/29/1996<br>02/20/1996 | 🌐 Motion to Amend/Correct |
| 16 | *Filed:*<br>*Entered:* | 01/26/1996<br>01/29/1996 | 🌐 Certification |
| 14 | *Filed:*<br>*Entered:* | 01/16/1996<br>01/17/1996 | 🌐 Scheduling Order |
| -- | *Filed:*<br>*Entered:* | 01/12/1996<br>01/17/1996 | 🌐 Telephone Conference |
| 13 | *Filed:*<br>*Entered:* | 12/06/1995<br>12/07/1995 | 🌐 Letter |
| 12 | *Filed:*<br>*Entered:* | 11/20/1995<br>12/04/1995 | 🌐 Notice (Other) |
| 11 | *Filed:*<br>*Entered:* | 11/09/1995<br>11/22/1995 | 🌐 Notice (Other) |
| 9 | *Filed & Entered:* | 10/20/1995 | 🌐 Scheduling Order |
| 10 | *Filed & Entered:* | 10/20/1995 | 🌐 Miscellaneous Document |
| -- | *Filed:*<br>*Entered:* | 10/19/1995<br>10/20/1995 | 🌐 Scheduling Conference |
| 8 | *Filed:*<br>*Entered:*<br>*Terminated:* | 10/13/1995<br>10/17/1995<br>09/04/1997 | 🌐 Answer to Crossclaim |
| 6 | *Filed & Entered:* | 08/16/1995 | 🌐 Waiver of Service Executed |
| 7 | *Filed & Entered:* | 08/16/1995 | 🌐 Summons Returned Executed |
| 5 | *Filed & Entered:* | 08/08/1995 | 🌐 Order |
| 4 | *Filed & Entered:*<br>*Terminated:* | 08/04/1995<br>09/04/1997 | 🌐 Answer to Complaint |

| 3 | *Filed & Entered:* 07/27/1995 *Terminated:* 09/04/1997 | Answer to Complaint |
| --- | --- | --- |
| -- | *Filed & Entered:* 06/27/1995 | Summons Issued |
| 2 | *Filed & Entered:* 06/27/1995 | Case Assigned/Reassigned |
| 1 | *Filed:* 06/22/1995 *Entered:* 06/27/1995 | Complaint |

| PACER Service Center | | | |
| --- | --- | --- | --- |
| Transaction Receipt | | | |
| 08/23/2008 11:06:14 | | | |
| **PACER Login:** | mc2494 | **Client Code:** | |
| **Description:** | History/Documents | **Search Criteria:** | 3:95-cv-03043-GEB |
| **Billable Pages:** | 1 | **Cost:** | 0.08 |

EXHIBIT D

File No. 06848-0337-JBD

**Law Offices**
**PARKER McCAY P.A.**
**By: J. Brooks DiDonato, Esquire (JD-4158)**
**Three Greentree Centre**
**7001 Lincoln Drive West**
**P.O. Box 974**
**Marlton, NJ 08053-0974**
**(856) 596-8900**
bdidonato@parkermccay.com
**Fax: (856)596-9631**
Attorneys for Defendant(s), Burlington County Board of Chosen Freeholders and Juel Cole

_____

| | |
|---|---|
| ALBERT FLORENCE, | UNITED STATES DISTRICT COURT |
| | FOR THE DISTRICT OF NEW JERSEY |
| | HONORABLE JOSEPH H. RODRIGUEZ |
| Plaintiff(s), | |
| vs. | |
| | CIVIL ACTION NO. 05cv3619(JHR) |
| BOARD OF CHOSEN FREEHOLDERS OF THE COUNTY OF BURLINGTON; BURLINGTON COUNTY JAIL; WARDEN JUEL COLE, INDIVIDUALLY AND OFFICIALLY AS WARDEN OF BURLINGTON COUNTY JAIL; ESSEX COUNTY CORRECTIONAL FACILITY, ESSEX COUNTY SHERIFF'S DEPARTMENT; STATE TROOPER JOHN DOE iNDIVIDUALLY AND IN HIS CAPACITY AS A STATE TROOPER, & JOHN DOES 1-3 OF BURLiNGTON COUNTY JAIL & ESSEX COUNTY CORRECTIONAL FACILITY WHO PERFORMED THE STRIP SEARCHES, & JOHN DOES 4-5, Defendant(s). | **INITIAL DISCLOSURE ON BEHALF OF BURLINGTON COUNTY DEFENDANTS PURSUANT TO FED. R. CIV. C.P. 26** |

_____

**I. INDIVIDUALS WITH KNOWVLEDGE**

a. Warden JueI Cole has knowledge concerning both the standard operating

EXHIBIT D

   procedures of the Burlington County Jail, and specific facts pertinent to intake
       and incarceration of the plaintiff.

   b. Sgt. Chilton of the Burlington County Jail has knowledge concerning both
       the standard operating procedures of the Burlington County Jail and
       specific facts pertinent to intake and incarceration of the plaintiff.

   c. Trooper J. Flynn has information concerning the stop of the plaintiff and his
       wife, plaintiffs arrest and his remand to the custody of the Burlington County
       Jail pending pickup by the Essex County Sheriffs Department.

   d. Members of the Essex County Sheriffs Department have information
       concerning the status of the bench warrant existing at the time of plaintiffs
       arrest.

   e. The Burlington County defendants reserve the right to amend this disclosure
       as additional individuals become known through the course of investigation
       and discovery.

## II.  PERTINENT DOCUMENTS

   All documents maintained by the Burlington County Jail relative to the
   incarceration of the plaintiff, which have been found to date, have already
       Been produced. An additional copy of those documents is attached hereto.

## III.  DAMAGES

   None as a result of the action or inaction of these defendants.

## IV.  INSURANCE INFORMATION

   At the time of plaintiffs incarceration the County of Burlington and its employees
   were self-insured for all claims up to and including the amount of $200,000.00.
   Once the $200,000 self-insured retention is met, the County maintained $10
   Million Dollars in General Liability, Law Enforcement Liability, Employee
   Benefits Liability and Police Official Liability insurance coverage with State
   National Insurance Company pursuant to Policy No. MDB 0266755. If a copy of
   the policy form or declarations page is required ill pr duced upon request.

                    PARKE McCAY, P.A.
                    Attorneys for Defendants Burlington County
                    Board of Chosen Shareholders and Juel Cole
                         /s
                    _____

```
                                                              EXHIBIT E
```



**Navigation**     **Burlington County Freeholder Information**

**Departments**    The official governing body for the County of Burlington is called the **Board of Chosen Fre**
**Municipalities**    The Board consists of five members; one or two are elected each year from the county at l
**Government**    terms of three years. The Freeholder Director is elected annually by the Board.
**Announcements**
**General Information**    Click on the links below to find out more about our Freeholders, our governing body an
                               Programs.
**County Home**

### The Burlington County Board Of Chosen Freeholders
Freeholder Meeting Schedule

**Stacey F. Jordan**

**Links**

| Information |
| Email Stacey F. Jordan |

**Joseph B. Donnelly**

**Links**

| Information |
| Email Joseph B. Donnelly |

**Aubrey A. Fenton**

**Links**

| Information |
| Email Aubrey A. Fenton |

```
                                                              EXHIBIT E
```



# Definition Of A Freeholder

**Historically**

The term "Freeholder" originated in England and is unique in the United States to the State of New Jersey. It is comparable to County Commissioner or Supervisor in other states.

Originally, a freeholder was a person the British Royal Court considered responsible in character, or in favor with the King, and therefore, worthy as an owner or holder of land grants in the New American Colony.

Burlington County was officially incorporated on May 17, 1694. On July 2, 1776, two days before the Declaration of Independence, the Provincial Congress of New Jersey declared its separation from King George and Britain. The meeting provided that qualified voters were to elect officers, choosing one freeholder to represent each municipality in a county. The basic law establishing the freeholders form of county government in New Jersey was established in 1798.

Eventually, freeholder boards became too large and unwieldy. As an example, in 1916, there were thirty seven members of the Burlington County Board of Chosen Freeholders who met as a group only six times during that year.



*Burlington County Board of Chosen Freeholders circa 1916*

In 1918, under the provisions of the Gill Act, a referendum was approved by the Burlington County voters which reduced the number of freeholders on the Board. Today, the forty municipalities of Burlington County elect, at large, a total of five freeholders to represent the citizens county-wide. Current state statutes limit freeholder board memberships to three to nine members, depending on the county population.

**Today**

Freeholders have both administrative and policy making powers. Each Burlington County Freeholder oversees a particular area of service: Administration; Education and Human Services; Public Safety and Solid Waste; Economic Development and Public Works; and Land Use and Public Affairs.

The freeholders meet in open work session every Wednesday and hold formal public meetings to take official actions every second Wednesday of the month at 11:00 a.m. and every fourth