**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

| | | |
|---|---|---|
| ALBERT W. FLORENCE<br><br>Plaintiff,<br><br>v.<br><br>BOARD OF CHOSEN FREEHOLDERS OF THE COUNTY OF BURLINGTON, *et al*.,<br><br>Defendants. | : | Hon. Joseph H. Rodriguez<br><br>Civil Action No. 05-3619<br><br>**Memorandum Opinion & Order** |

**RODRIGUEZ**, Senior District Judge:

This matter comes before the Court on Motions by Defendants Board of Chosen Freeholders of the County of Burlington, Warden Jule Cole in his Official and Individual Capacity, and Burlington County Jail ("Burlington Defendants") [Dkt. Entry No. 165] and Defendants Essex County Correctional Facility and Essex County Sheriff's Department("Essex Defendants") [Dkt. Entry No. 166] to amend the Court's Order of February 4, 2009 by certifying the judgment on the cross-motions for summary judgment as final, pursuant to 28 U.S.C. § 1292(b). Plaintiff Albert W. Florence, as representative of the class certified by this Court, opposes the motions to amend. For the foregoing reasons, the motions of Burlington and Essex Defendants are granted.

**I.**

Because the parties are intimately familiar with this case, an exhaustive recitation of the facts and procedural history is unnecessary. Only those facts that are necessary to the analysis of this matter are included herein.

This case originated in 2005 when Albert W. Florence filed a complaint against

Burlington and Essex Defendants for alleged violations of his federal constitutional rights. (See Compl. filed July 19, 2005.) After a determination was made on Plaintiff's motion to amend, and discovery proceeded, this Court granted Plaintiff's motion for certification of his proposed class. See Florence v. Board of Chosen Freeholders of the County of Burlington ("Florence I"), No. 05-3619, 2008 WL 800970 at *1 (D.N.J. Mar. 20, 2008). That class was certified as follows:

> All arrestees charged with non-indictable offenses who were processed, housed or held over at Defendant Burlington County Jail and/or Defendant Essex County Correctional Facility from March 3, 2003 to the present date who were directed by Defendants' officers to strip naked before those officers, no matter if the officers term the procedure a 'visual observation' or otherwise, without the officers first articulating a reasonable belief that those arrestees were concealing contraband, drugs or weapons.

Florence I, supra, at *17.

Shortly thereafter, Plaintiff, as representative of the newly-certified class, filed for summary judgment on the issue of law regarding whether Defendants violated the Fourth Amendment by their blanket policy of strip searching non-indictable arrestees without reasonable suspicion upon entry into a county correctional facility. [Dkt. Entry No. 116.] Plaintiffs additionally sought injunctive relief against Burlington and Essex Defendants. Burlington and Essex Defendants filed their opposition papers and cross-moved for summary judgment.[1] [Dkt. Entry Nos. 130 & 131.] On February 4, 2009,

---

[1] Burlington Defendants moved for summary judgment on three grounds. First, Burlington sought summary judgment on the Fourth Amendment issue regarding strip searches of non-indictable arrestees. Because the Court found in favor of Plaintiffs' position on that issue, Burlington Defendants' motion was denied. Florence II, 595 F. Supp. 2d at 513. Second, Burlington moved for summary judgment in favor of Burlington County Freeholders and Warden Jule Cole in his official capacity on Eleventh Amendment immunity grounds. That motion was denied without prejudice, as the Court deemed it premature given the record before it. Id. at 516. Finally, Burlington moved for summary judgment in favor of Warden Jule Cole in his individual capacity on qualified immunity grounds. That motion was denied with prejudice.

Plaintiffs' motion for summary judgment was granted and Defendants' cross-motions were denied. See Florence v. Board of Chosen Freeholders of the County of Burlington ("Florence II"), 595 F. Supp. 2d 492, 513 (D.N.J. 2009).

Defendants now file motions to amend/correct the Order of February 4, 2009. [Dkt. Entry Nos. 165, 166, 167]. Essentially, Burlington and Essex Defendants ask this Court to amend its Order to include a provision certifying the decision for appeal to the Third Circuit Court of Appeals pursuant to 28 U.S.C. § 1292(b). (Burlington Def. Br. 3; Essex Def. Br. 2.) Plaintiffs oppose the instant motion. [Dkt. Entry Nos. 173, 180]. This Court has received three submissions styled as amicus curiae letter briefs in support of Defendants' motion to amend/correct, undoubtedly due to the ubiquity of similar cases in the District of New Jersey.[2] For the reasons expressed below, the motions of Burlington and Essex Defendants are granted.

**II.**

Federal Rule of Civil Procedure 59(e) permits the Court to amend or correct an order under 28 U.S.C. § 1292(b) so as to include certification for immediate appeal to the United States Circuit Court of Appeals for the Third Circuit.[3] See, e.g., In re Oxford Health Plans, Inc., 182 F.R.D. 51, 52 (S.D.N.Y. 1998); In re City of Philadelphia Litig.,

---

Id. at 518.

As for Essex Defendants, they too sought summary judgment on the Fourth Amendment issue. Essex also sought dismissal of Plaintiff's § 1983 Municipality Custom Violations claim. Both prayers for relief were denied. Id. at 513, 519.

[2] Specifically, this Court received amicus curiae letters from Atlantic, Gloucester, and Ocean Counties asking this Court to grant Defendants' motions to amend/correct the Order of February 4, 2009.

[3] The Court observes that a motion to certify for interlocutory appeal may be brought directly under 28 U.S.C. § 1292(b).

1994 WL 250075, at *1 (E.D.Pa. Jan. 31, 1994). Section 1292(b) of the United States Code, Title 28, provides in relevant part:

> When a district judge, in making in a civil action an order not otherwise appealable under this section, shall be of the opinion that such order involves a controlling question of law as to which there is substantial ground for difference of opinion and that an immediate appeal from the order may materially advance the ultimate termination of the litigation, he shall so state in writing in such order.

28 U.S.C. § 1292(b). This statute requires that three elements be present prior to granting certification for interlocutory appeal: (1) the Order at issue involves a controlling issue of law, which, if erroneously decided, would result in reversible error upon final appeal; (2) substantial ground for difference of opinion exists regarding the resolution of the issue; and (3) an immediate appeal will materially advance the ultimate termination of the litigation. See Levine v. United Healthcare Corp., 285 F. Supp. 2d 552, 556-57 (D.N.J. 2003) (citing Katz v. Carte Blanche Corp., 496 F.2d 747, 754-55 (3d Cir. 1974), cert. denied, 419 U.S. 885 (1974)). If satisfied, these factors exhibit the "exceptional circumstances" upon which a district court may base its decision to grant interlocutory review. See Levine, 285 F. Supp. 2d at 556. Notably, "a party's mere disagreement with the district court's ruling does not constitute a 'substantial ground for difference of opinion. . .' " Cardona v. General Motors Corp., 939 F. Supp. 351 (D.N.J. 1996). It is within a district court's discretion to deny interlocutory review even if each factor is satisfied. See Harter v. GAF Corp., 150 F.R.D. 502, 517 (D.N.J. 1993) (citing Bachowski v. Usery, 545 F.2d 363, 368 (D.N.J. 1976)). Each of these three elements is examined in turn.

**A. Controlling Question of Law**

There is only one issue of law that Burlington and Essex Defendants seek to certify for interlocutory appeal:

> Whether a blanket policy of strip searching all inmates upon admission to a county correctional facility is violative of the inmates' constitutional rights?

(Burlington Def. Br. 4; Essex Def. Br. 3.) Burlington and Essex Defendants contend this question necessarily involves a controlling issue of law, which, if erroneously decided, would result in reversible error upon final appeal. (Burlington Def. Reply Br. 2; Essex Reply Br. 1.) Plaintiff cannot reasonably dispute Defendants' contention in this regard. Although the Court disagrees with the framing of the issue as presented by Burlington and Essex Defendants, it is clear that the issue nevertheless involves a controlling question of law.[4] If, for example, the Third Circuit rules contrary to this Court's decision in Florence II, see generally 595 F. Supp. 2d 492 (D.N.J. 2009), and finds that a blanket policy of strip searching non-indictable arrestees admitted to a county correctional facility without first articulating reasonable suspicion does not offend the Fourth Amendment, then this Court would have necessarily committed reversible error. As the Third Circuit in Katz reasoned, "controlling means serious to the conduct of the litigation, either practically or legally." Katz, 496 F.2d at 755 (citations omitted). Here, the Fourth Amendment question is clearly serious to the conduct of the litigation in a

---

[4] The Court frames the issue in accordance with its limited holding of Florence II, namely:

> whether a blanket policy of strip searching all non-indictable arrestees admitted to a county correctional facility without first articulating reasonable suspicion violates the Fourth Amendment of the United States Constitution as applied to the States through the Fourteenth Amendment?

practical and legal sense. Therefore, the first element required for certification is satisfied pursuant to 28 U.S.C. § 1292(b).

**B. Substantial Grounds for Difference of Opinion**

The next element that must be satisfied asks whether substantial grounds for difference of opinion exist regarding the resolution of the issue. Burlington and Essex Defendants deftly observe this Court's discussion of the split of authority on the Fourth Amendment issue in its Opinion and Order dated February 4, 2009. (Burlington Def. Br. 4; Essex Def. Br. 3.) Under a subsection entitled "Competing Authority", see Florence II, 595 F. Supp. 2d at 508-11, the Court discussed Powell v. Barrett, 541 F.3d 1298 (11th Cir. 2008) (en banc)–an Eleventh Circuit case that splits with the majority of Circuits on this issue. See Powell, 541 F.3d at 1314 (subjecting arrestees to visual strip searches during the booking process without reasonable suspicion does not offend the Fourth Amendment). The Court also discussed Bull v. City and County of San Francisco, 539 F.3d 1193 (9th Cir. 2008), rehearing en banc granted, 558 F.3d 887 (2009), and Stanley v. Henson, 337 F.3d 961 (7th Cir. 2003). With respect to Henson, this Court distinguished that case because it involved a clothing-exchange procedure far less intrusive than the strip searches of the instant case. See Florence II, 595 F. Supp. 2d at 508 ("While the purpose of the search was similar to the instant case, the means to serve that purpose were decidedly less intrusive."). With respect to Bull, this Court noted that it "held in concert with the majority of circuits" opining on this issue. See Florence II, supra, at 508. Nevertheless, because of the vigorous concurrence of Circuit Judge Ikuta, see Bull, 539 F.3d at 1202-05, this Court examined that case as if it suggested a new approach to the analysis of strip search cases dealing with newly admitted non-

indictable/misdemeanor offenders. Florence II, supra, at 507. As noted above, the Ninth Circuit recently granted an en banc rehearing of its Bull decision. See Bull, supra, 558 F.3d 887 (9th Cir. 2009).

In light of Powell, supra, and the Ninth Circuit's significant decision to rehear Bull, supra, Burlington and Essex Defendants contend substantial grounds for difference of opinion exist regarding the resolution of the Fourth Amendment strip search issue. (Burlington Def. Reply Br. 2; Essex Def. Reply Br. 3 n.1.) In response, Plaintiffs observe that Defendants cite no split of authority within this District.[5] (Pl. Opp'n Br. 3.) This observation is accurate. Indeed, the Court relied in part on existing persuasive authority from the District of New Jersey when it ruled the instant searches of non-indictable arrestees violated the Fourth Amendment. See Florence II, supra, at 505-06 (citing DiLoreto v. Borough of Oaklyn, 744 F. Supp. 610, 622 (D.N.J. 1990); Ernst v. Borough of Fort Lee, 739 F. Supp. 220, 225 (D.N.J. 1990); O'Brien v. Borough of Woodbury Heights, 679 F. Supp. 429, 434 (D.N.J. 1988); Wilkes v. Borough Clayton, 696 F. Supp. 144, 149 (D.N.J. 1988); Davis v. City of Camden, 657 F. Supp. 396, 401

---

[5] In this regard, Plaintiffs suggest contrary authority must exist within the Court's District or Circuit in order to find that substantial grounds for difference of opinion exist. Plaintiffs cite Cardona, supra, 939 F. Supp. at 351-53, to substantiate this contention. That case, however, is inapposite. Cardona involved a motion to certify for interlocutory appeal the decision to disqualify attorneys from further representation of the plaintiffs. Id. at 352. In denying the motion, the district court regarded extra-jurisdictional precedent as irrelevant to the court's limited inquiry. Id. at 354. The appellants pointed to a case in the Eastern District of Pennsylvania where the Court, faced with the same issue of disqualification, reached the opposite result of the District of New Jersey. Id. Distinguishing the cases, Judge Orlofsky for the District of New Jersey attributed any difference of opinion to "each court's respective obligation to interpret and apply its own, state-based Rules of Professional Conduct." Id. at 355. By contrast, the instant case involves a federal question arising under the Fourth Amendment to the United States Constitution. Looking to extra-jurisdictional authority is far from inappropriate in such a circumstance.

(D.N.J. 1987)). Nevertheless, it is not improper–as Plaintiffs suggest–to look to jurisdictions outside the one in which the Court sits when examining whether substantial grounds for disagreement on a given issue exist.[6] See Levine, 285 F. Supp. 2d at 566 (finding substantial ground for disagreement after examining decisions outside the district (citing Arana v. Ochsner Health Plan, Inc., 302 F.3d 462 (5th Cir. 2002), rehearing en banc granted, 319 F.3d 205 (2003); McKandes v. Blue Cross and Blue Shield Assoc., 243 F. Supp. 2d 380 (D.Md. 2003); Popoola v. MD-Individual Practice Assoc., 244 F. Supp. 2d 577 (D.Md. 2003))); see also n.5 of this Memorandum Opinion.

Due to Powell and the recent decision by the Ninth Circuit to grant an en banc rehearing of Bull, substantial grounds for difference of opinion exist on whether non-indictable arrestees admitted into a jail facility can be strip searched without first articulating reasonable suspicion that they have drugs, weapons, or other contraband. Therefore, the second element required for certification is satisfied under 28 U.S.C. § 1292(b).

**C. Materially Advance the Termination of the Litigation**

Certification of this Fourth Amendment issue will materially advance the termination of the litigation. For example, if the Third Circuit affirms the central holding of Florence II, then this Court can proceed directly to the issue of damages. If,

---

[6] The fact that this Court analyzed Powell and ultimately rejected its "contrarian holding" as "less than compelling", see Florence II, supra, at 511, does not in any way subtract from the weight of that Eleventh Circuit opinion. Just because this Court disagreed with Powell's reasoning does not mean that Powell ceases to exist. Powell does exist; it is fitting, therefore, to afford it some weight in the instant analysis. Plaintiff's contention that a "sheer contradiction" results from Defendants' reliance on Powell in advancing this motion, after this Court disagreed with it in Florence II, is without merit. (Pl. Opp'n Br. 4.)

however, the Third Circuit reverses this Court, Plaintiffs' main contention will fail as a matter of law. In either circumstance, certifying the Fourth Amendment question will materially advance the termination of the litigation. Moreover, the Court acknowledges that a ruling by the Third Circuit on this issue may also materially advance the termination of cases similar to the instant one throughout the District, as evidenced by several amicus curiae letter briefs. Although the outcome of those cases has no bearing on this Court's decision to grant certification, they are worthy of mentioning given the peculiar ubiquity of similar litigation throughout the District.

**III.**

In light of the foregoing, this Court grants the motions of Burlington and Essex Defendants to amend the Court's Order of February 4, 2009 by certifying the judgment on the cross-motions for summary judgment as final, pursuant to 28 U.S.C. § 1292(b). Certification of the Fourth Amendment issue will materially advance the termination of the litigation. There is a substantial ground for difference of opinion on whether a blanket policy of strip searching all non-indictable arrestees admitted to a jail facility without first articulating reasonable suspicion violates the Fourth Amendment of the United States Constitution as applied to the States through the Fourteenth Amendment. Because that issue necessarily involves a controlling question of law, and because this Court deems it proper, that question is hereby certified under 28 U.S.C. § 1292(b) for interlocutory appeal to the United States Circuit Court for the Third Circuit. Defendants' motions [Dkt. Entry Nos. 165, 166, 167] are granted. An appropriate Order shall follow.

**ORDER**

**AND NOW**, This matter having come before the Court on motions by Defendants Board of Chosen Freeholders of the County of Burlington, Warden Jule Cole in his Official and Individual Capacity, and Burlington County Jail [Dkt. Entry Nos. 165 & 167], and Essex County Correctional Facility and Essex County Sheriff's Department [Dkt. Entry No. 166], to amend/correct the Order of February 4, 2009 by certifying the judgment of law on cross-motions for summary judgment for interlocutory appeal pursuant to 28 U.S.C. § 1292(b); and

The Court having fully considered the matter; and

The Court having found its Order of February 4, 2009 involves a controlling question of law as to which there is substantial ground for difference of opinion and that an immediate appeal from that Order may materially advance the ultimate termination of the litigation;

It is hereby **ORDERED AND ADJUDGED**, this 30th day of June, 2009, that Burlington and Essex Defendants' motions [Dkt. Entry Nos. 165, 166, 167] are **GRANTED**. The Order of February 4, 2009 is amended, and the following issue is certified for interlocutory appeal:

> whether a blanket policy of strip searching all non-indictable arrestees admitted to a jail facility without first articulating reasonable suspicion violates the Fourth Amendment of the United States Constitution as applied to the States through the Fourteenth Amendment;

**IT IS FURTHER ORDERED** that proceedings in Florence v. Board of Chosen Freeholders of the County of Burlington, 05-3619 (JHR) be, and hereby are, **STAYED**

pending resolution of this issue before the United States Court of Appeals for the Third Circuit.

It is **SO ORDERED**.

/S/ Joseph H. Rodriguez
U.S.D.J.